```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARK SULLIVAN,

                          Plaintiff,

          -v-

BINONG XU; ELLEN V. ROSENBERG; AMANDA B.
NOREJKO; SANCTUARY FOR FAMILIES; LAUREL
WEINSTEIN EISNER; DORCHEN A. LEIDHOLDT,
Center for Battered Women's Legal Services; HILARIE
A. CHACKER, The Children's Law Center; THE
CHILDREN'S LAW CENTER; KAREN P. SIMMONS,
The Children's Law Center; MARTHA
SCHNEIDERMAN, The Children's Law Center;
FORENSIC PSYCHOLOGICAL SERVICES OF NEW
YORK, P.L.L.C.; and DR. MARK RAND

                          Defendants.
-----------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 13 2010

P.M.
TIME A.M.

**MEMORANDUM AND ORDER**
10-CV- 3626 (ENV)

**VITALIANO, D.J.**

*Pro se* plaintiff Mark Sullivan filed the instant complaint on August 6, 2010, together with a motion for a preliminary injunction and a temporary restraining order. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this order, but dismisses the complaint for lack of subject matter jurisdiction. Due to the absence of subject matter jurisdiction, the Court does not reach plaintiff's request for emergency relief.

## BACKGROUND

Plaintiff asks the Court to stay all decisions and orders of Kings County Supreme Court's Integrated Domestic Violence ("IDV") part in a pending custody/visitation proceeding regarding

1



plaintiff's biological child, who was born in October 2004.[1] The action began in Kings County Family Court on August 23, 2006, when the child's biological mother, defendant Binong Xu, sought and obtained a temporary order of protection against plaintiff, and was subsequently transferred to the IDV part. In the initial complaint which Xu filed in Family Court, she made a number of statements involving plaintiff's past arrests and incidents of domestic violence, which plaintiff alleges to be perjurious. (Compl. at 1.) The temporary order of protection against plaintiff remains in effect. (Id.)

At some point during the state court proceedings, Xu was represented by defendant Sanctuary for Families, a nonprofit legal services organization, and by defendants Ellen Rosenberg and Amanda Norejko. The child was represented by defendant the Children's Law Center, and defendant Hilarie A. Chacker was appointed as the child's Law Guardian. Plaintiff's complaint also names Martha Schneiderman and Karen Simmons, the Deputy Director and Executive Director of the Children's Law Center as defendants. Plaintiff alleges that Chacker has not acted in the best interest of the child and has suppressed facts and evidence favorable to plaintiff. (Compl. at 5-6.) Dr. Mark Rand, also named as a defendant, conducted an evaluation of the child, testified in the IDV proceedings about the parties' relationships and plaintiff's mental health, and filed a report with the state court. (Complaint at 3.) Plaintiff disputes the conduct charged and the content of Dr. Rand's testimony and report. On July 12, 2010, IDV accepted Dr. Rand's Report as part of the official record of the case. (Compl. at 4.)

Plaintiff alleges that he has not been adequately informed of court proceedings and has

---

[1] To protect the child's identity, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, the Court will not state her full name or date of birth.

lost visitation rights as a result. (Compl. at 6.) He asserts that these actions have violated his rights to due process and the equal protection of the laws. (Compl. at 7.) He asserts that he was pressured into withdrawing his petition for custody during a negotiations in December 2008 (Compl. at 8.) He was unable to have any visitation with his daughter for eight months beginning March 2009, because of the parties' inability to agree on appropriate supervision for supervised visits. (Compl. at 9-10.)

Plaintiff alleges that defendants' actions violated his civil rights, and seeks this Court's intervention in the ongoing state court case involving his child.

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted). Nonetheless, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction. Pursuant to Article III of the Constitution, Congress has granted district courts jurisdiction to hear only those cases in which there is either a federal question or where jurisdiction is based on diversity of citizenship. Perpetual Secs., Inc., v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). If this subject matter jurisdiction is lacking, a case may not be brought in federal court. "Unlike failure of personal

jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) (citations omitted).

It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593-94 (1890). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13 (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)). Here, plaintiff challenges child support and child custody orders. Although plaintiff invokes his constitutional rights, the substance of his claims concern state law domestic relations matters. Therefore, this action is dismissed, as this case is barred by the domestic relations exception to the jurisdiction of the federal courts. Schottel v. Kutyba, No. 06-1577-cv, 2009 WL 230106 (2d Cir. Feb. 2, 2009); Mitchell-Angel v. Cronin, 101 F.3d 108, 1996 WL 107300 (2d Cir. 1996); McKnight v. Middleton, No. 08-CV-3896, 2010 WL 1221431, at *4-5 (E.D.N.Y. Mar. 29, 2010); Puletti v. Patel, No. 05 CV 2293, 2006 WL 2010809, at *4 (E.D.N.Y. Jul. 14, 2006); Rabinowitz v. New York, 329 F.Supp.2d 373, 376 (E.D.N.Y. 2004).

Moreover, the Younger abstention doctrine prohibits this Court from exercising

jurisdiction over this matter, which concerns an ongoing proceeding in state court. Under Younger, federal courts cannot intervene in ongoing state court proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). Therefore, a federal court should abstain from exercising jurisdiction when: (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the state proceeding affords the plaintiff an adequate opportunity for judicial review of his federal, constitutional claims. See Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003). When Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in this matter. Colorado Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976); Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

Here, each of the three Younger conditions is satisfied. First, the state proceeding is ongoing. Second, disputes concerning visitation and custody rights over minors implicate important state interests. Questions of family relations, especially when issues of custody are involved, are traditionally an area of state concern. See Rohling v. New York, No. 04 CV 1083, 2004 WL 3623341, at *2 (N.D.N.Y. Nov. 15, 2004) (discussing cases where custody over a child were deemed matters of state law). Third, plaintiff has not alleged that state courts could not afford him the opportunity for judicial review of his civil rights challenge. See Hansel v. Town Court for the Town of Springfield, 56 F.3d 391, 393 (2d Cir. 1995); Cogswell v. Rodriquez, 304 F.Supp.2d 350, 357 (E.D.N.Y. 2004). Furthermore, plaintiff's allegations fail to show either great or immediate harm. Younger, 401 U.S. at 46-47. Accordingly, this court must abstain from adjudicating plaintiff's claim regarding the ongoing state court proceedings.

States, 369 U.S. 438, 444-45 (1962).

## CONCLUSION

In consequence of the foregoing, plaintiff's complaint is dismissed for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12 (h)(3), and for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). The Court lacks jurisdiction to rule on plaintiff's request for a temporary restraining order and preliminary injunction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 6, 2010

ERIC N. VITALIANO
United States District Judge